IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:03CR316 |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) ) | |
| CARLOS GAMA-GARCIA, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 26) filed by the Defendant, Carlos Gama-Garcia.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

Gama-Garcia pleaded guilty to a one-count Indictment charging him with illegal; reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  As part of his plea agreement, Gama-Garcia agreed that the 16-level enhancement pursuant to § 1326(b)(2) applies to his case because he was deported after having a felony drug trafficking offense for which the sentence imposed exceeded 13 months.  (Filing No. 18.)  On December 18, 2003, Gama-Garcia was sentenced to 57 months imprisonment and 2 years supervised release.

(Filing No. 25.)   Gama-Garcia did not file a direct appeal.  In his § 2255 motion, filed on July 18, 2005, Gama-Garcia relies on *United States v. Booker,* 125 S. Ct. 738 (2005) in arguing that his Sixth Amendment rights were violated by the imposition of his sentence, which included the 16-level upward adjustment, apparently because a jury did not decide the issue of the prior conviction beyond a reasonable doubt.

Aside from the issues of waiver, timeliness and procedural default, Gama-Garcia's argument is precluded by Eighth Circuit law.  *United States v. Amezcua-Campos,* 2005 WL 1869157 (8th Cir. Aug. 8, 2005) (the principles that a sentencing judge may find the fact of a prior conviction and whether that conviction is one requiring a sentencing enhancement are unaffected by *Booker*); *United States v. Torres-Alvarado,* 416 F.3d 808, 810 (8th Cir. 2005) (even where a defendant does not admit to a prior conviction, *Booker* reaffirmed the exception discussed in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), and an aggravated felony or qualifying felony drug conviction need not be proved to a jury beyond a reasonable doubt for purposes of U.S.S.G. § 2L1.2).

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief.  The § 2255 motion is denied and no response from the government is required.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 26);

2. Upon initial review, the Court summarily dismisses the Defendant's claim raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk shall mail a copy of this Memorandum and Order to the Defendant at his last-known address.

DATED this 19th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge